## IN RE DISBARMENT OF DAVID A. McVEETY.[1]

February 4, 1927.

No. 25,947.

**Accused censured but not disbarred.**
> The facts shown by the proofs *held* not to sustain the charges contained in the accusation for the disbarment of respondent.

Attorney and Client, 6 C. J. p. 607 n. 90.

Proceeding for disbarment of David A. McVeety. Proceeding dismissed.

*Harold G. Cant,* for petitioner.
*John O. Loeffler,* for accused.

PER CURIAM.

Proceeding instituted by the state board of law examiners for the removal of David A. McVeety from his office of attorney at law because of professional misconduct. The testimony was taken by Honorable Karl Finkelnburg, who found the facts and duly filed his report.

On September 15, 1925, the respondent, David A. McVeety, drew his check on the Farmers & Merchants State Bank of Preston, Minnesota, for $1.50, payable to Ida M. Bernhard, and on the following day sent it to her by mail at Hettinger, North Dakota, in payment of her fee for recording a certain mortgage which he had sent to her as register of deeds. At this time respondent had to his credit in the bank, subject to check by himself or his wife, the sum of $35.65. There was on each day thereafter in such account sufficient to protect the check until on September 23 when the account was overdrawn to the amount of $17.77. On or about October 12 the check was presented to the bank for payment, which was refused for want of funds.

[1] Reported in 211 N. W. 652.

On October 29 the payee named in the check called respondent's attention to the nonpayment of the check a second time. Respondent received the letter but neglected to answer it. Other correspondence followed, and on November 19 the chairman of the ethics committe of the Minnesota State Bar Association wrote respondent asking for an explanation of the matter. No answer to this letter was made. Subsequently the state's attorney of Adams county, North Dakota, wrote respondent concerning the matter, neither of which letters was answered. The chairman of the ethics committee again wrote respondent, which letter he received about April 4, 1926. The check was again presented to the Preston bank on April 9 and paid. It appears that respondent was preoccupied by his wife's confinement in a hospital in Minneapolis, where she underwent a severe operation, which accounted partially for his failure to answer some of such letters. Subsequently respondent wrote the chairman of the ethics committee apologizing for not answering his letters.

Respondent contends very strongly that he answered a letter from Miss Bernhard dated October 21, assuring her that if the check was again presented to the bank it would be paid. She claims never to have received such answer. Had the check when first received by the payee been presented for payment in the usual course of business, it would in all probability have been paid; but for some unexplained reason it was not presented for payment until after October 12, nearly 30 days after its date. The respondent had an arrangement with the bank to take care of any small amount in case he had no funds. This is shown by his statement and corroborated by a copy of his account in the bank books.

The dishonoring of his check, sent to a public officer to pay a recording fee, called for prompt action on his part to see that it was made good, and his failure to answer letters calling attention to the default and asking for an explanation cannot be passed without an expression of disapproval amounting to censure. But the court is of opinion that the facts shown by the record do not make a case requiring either removal or suspension from his office of attorney at

law, and that the proceeding should be closed with the above statement in the nature of a reprimand.

So ordered.